# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BRANCH BANKING AND TRUST COMPANY,**

**Plaintiff,**

**-vs-**                                                   Case No.  6:12-cv-539-Orl-37DAB

**ROBERT J. PARKER, and JANIS J. PARKER,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT (Doc. No. 32)** |
| **FILED:** | **October 15, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |
| **MOTION:** | **MOTION TO COMPEL DISCOVERY RESPONSES (Doc. No. 41)** |
| **FILED:** | **January 8, 2013** |
| **THEREON** it is **ORDERED** that the motion be **DENIED as moot.** | |
| **MOTION:** | **MOTION FOR SANCTIONS [FOR FAILURE TO PARTICIPATE IN MEDIATION] (Doc. No. 43)** |
| **FILED:** | **January 22, 2013** |
| **THEREON** it is **ORDERED** that the motion be **DENIED as moot.** | |

In this breach of contract case, Plaintiff Branch and Banking and Trust Company ("BB&T" or "the Bank") filed suit against Defendants Robert and Janis Parker to enforce the terms of guaranty agreements on a loan in default. Doc. 1. The Bank originally moved for summary judgment on the guaranty agreements (Doc. 32), and when Plaintiffs failed to file a response or participate in discovery, the Bank also filed motions to compel discovery and for sanctions for the Parkers' failure to participate in court-ordered mediation. Docs. 41, 43.

In addition, the Court issued an order to show cause why the Parkers should not be sanctioned, including having default entered against them, for their failure to appear at the scheduled mediation; the Parkers failed to respond. Although the Court has within its inherent power the ability to sanction a party for failure to follow the Court's orders[1], the Court need not reach the issue given the posture of the Bank's unopposed summary judgment motion. It is respectfully **RECOMMENDED** that the Bank's Motion for Summary Judgment against the Parkers be **GRANTED**.

## I. Background Facts

On January 29, 2007, Parker Bros., Inc. ("Parker Bros.") executed and delivered a First Amended and Restated Loan Agreement (the "Loan Agreement") and an Amended and Consolidated Secured Promissory Note (the "Note") in the amount of $2,035,000 to the Bank's predecessor-in-interest, Colonial Bank. Doc. 1 ¶¶ 8-9; Doc. 32-1 (Senior Vice President of Bank, David S. Pratt Aff.) ¶ 4, at 6. The same day, Defendants Robert and Janis Parker individually executed and delivered a Continuing and Unconditional Guaranty Agreements (the "Guaranty Agreements"), accepting that in the event that Parker Bros., Inc. defaulted on its payments set forth in the loan documents, they would be jointly and severally liable to pay all amounts due. Doc. 1 ¶¶ 16, 20; Doc. 1-4 ¶ 23; Doc.

---

[1]*See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 n.8, 111 S. Ct. 2123, 2131 n.8, 115 L. Ed. 2d 27 (1991).

32-1 ¶¶ 5, 9, at 26-33, 34-41.  The Bank[2] is the owner and holder of the Loan Agreement, the Note, and the Guaranty Agreements of Robert and Janis Parker by virtue of (i) its acquisition of Colonial Bank's assets from the FDIC, and (ii) the assignment of the Loan Documents.  Doc. 32-1 ¶ 6.

When Parker Bros., Inc. failed to make all of the payments under the loan by the scheduled maturity date of January 29, 2012, it defaulted under the Note.  Doc. 1 ¶ 12; Doc. 32-1 ¶ 7.  On April 9, 2012, the Bank filed its Complaint seeking to enforce the Defendants' Guaranty Agreement.  Doc. 1.  As of August 16, 2012, Parker Bros., Inc. owes the Bank the total amount of $1,847,874.34 comprised of the principal balance of $1,827,668.33, accrued but unpaid interest in the amount of $16,456.01, plus appraisal fees of $3,750.00; plus per diem rate of interest of $368.67 accruing thereafter.  Doc. 34 ¶ 8.

## II.  Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure a reviewing court shall grant a motion for "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a).  A dispute or " issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).)

The party seeking summary judgment bears the initial burden of demonstrating, by reference to the record, that there are no genuine issues of material fact to be determined at trial.  *Celotex Corp.*

---

[2]BB&T is the successor-in-interest to Colonial Bank by asset acquisition from the FDIC as Receiver for Colonial Bank.  Doc. 1; Doc. 32-1 ¶ 6.  *See FDIC v. Martin*, 770 F. Supp. 623 (M.D. Fla. 1991) (holding FDIC has power under federal statutory law as receiver to "purchase, transfer, or assign" assets from failed bank to assuming bank).  The FDIC assigned all rights, title and interests in the Loan Agreement, the Note, and the two Parkers' Guaranty Agreements to BB&T Bank by virtue of the Assignment of Security Instruments and Other Loan Documents dated October 20, 2009, and recorded on October 22, 2009, in Official Records Book 3153, Page 2109, Public Records of Clay County, Florida (the "Assignment of Loan Documents").  Doc. 1 at 3 n.2; Doc. 32-1 ¶ 6.

*v. Cartrett*, 477 U.S. 317, 323 (1986); *Bell v. Madan*, No. 3:09-cv-202-J-34MCR, 2012 WL 394552, *1 (M.D. Fla. Feb. 7, 2012). Once the movant has satisfied this burden, the non-movant is then similarly required to cite to portions of the record which show the existence of a material factual dispute. *Celotex*, 477 U.S. at 324. In doing so, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[ ], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED.R.CIV.P. 56(c)(1)(A) & (B). If the non-movant "fails to properly address another party's assertion of fact" as required by Rule 56(c), then the Court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed.R.Civ.P. 56(e)(2) & (3).

In determining whether a genuine issue for trial exists, "courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir. 1994). If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

Even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record. *See Dunlap v. Transam. Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (district court did not err in treating motion for summary judgment as unopposed where it considered the merits of the motion). The district court "need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion, and it must indicate that the merits were considered. *United States v. 5800 S.W. 74th Ave.*, 363 F.3d 1099, 1101-02 (11th Cir. 2004).

### III. Analysis

The Bank seeks summary judgment on its breach of contract claim for each of the Guaranty Agreements.  Under Florida law, there are three elements of a breach of contract claim: (1) a valid contract; (2) a material breach; and (3) damages flowing from the breach. *J.J. Gumberg Co. v. Janis Services, Inc.*, 847 So.2d 1048, 1049 (Fla. 4th DCA 2003); *Bland v. Freightliner LLC*, 206 F.Supp.2d 1202, 1210 (M.D. Fla. 2002).  A contract must be read by its plain and natural meaning and words within the contract should be construed by their ordinary meaning. *Key v. Allstate Inc. Co.*, 90 F. 3d 1546, 1549 (11th Cir. 1996); *Burns v. Barfield*, 732 So. 2d 1202, 1204 (Fla. Ct. App. 1999).

As to a guaranty agreement, pursuant to Florida law, "where [a] guaranty is absolute, the guarantor becomes liable upon non-payment by the principal, and the person in whose favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors." *Mullins v. Sunshine State Service Corp.*, 540 So. 2d 222, 223 (Fla. 5th DCA 1989) (citing *Anderson v. Trade Winds Enterprises Corp.*, 241 So. 2d 174 (Fla. 4th DCA 1970)); *see also Unisys Finance Corp. v. AMP Services, Inc.*, 593 So. 2d 232, 233 (Fla. 5th DCA 1992) (guarantors obligated to honor their unconditional guaranty upon default of borrower).

Here, Defendants Robert and Janis Parker each signed an absolute and unconditional Guaranty Agreement in favor of (effectively) BB&T to repay the full indebtedness due and owing to BB&T under the Note to Parker Bros., Inc.  Parker Bros, Inc. defaulted on the Note as of January 12, 2012. Doc. 32-1 ¶ 7.  The default entitles BB&T to enforce the terms and conditions of the Robert Parker Guaranty Agreement and the Janis Parker Guaranty Agreement.

Based on the foregoing, it is respectfully **RECOMMENDED** that the BB&T Banks' Motion for Summary Judgment against the Defendants on the claims set forth in the Amended Complaint be **GRANTED**.  It is further recommended that judgment be entered in favor of Plaintiff Branch Banking and Trust Company against Defendants Robert J. Parker and Janis J. Parker for the total amount of $1,847,874.34 as of August 16, 2012; plus per diem rate of interest of $368.67 accruing thereafter[3]. *See* Doc. 32-1 ¶ 8.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 22, 2013.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[3]In the alternative, BB&T Bank may submit an updated proposed judgment with the current calculations.