UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRANCH BANKING AND TRUST
COMPANY,

        Plaintiff,

v.                                    Case No. 6:12-cv-539-Orl-37DAB

ROBERT J. PARKER; and JANIS J.
PARKER,

        Defendants.

## ORDER

This cause is before the Court on the following:

1. Motion to Reopen Case and for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1), (b)(3), and/or (b)(6) (Doc. 136), filed April 11, 2014;

2. Motion to Extend Time to Respond to Defendants' Motion to Reopen Case and for Relief from Judgment (Doc. 137), filed April 28, 2014; and

3. Opposition to Motion to Extend Time to Respond to Defendants' Motion to Reopen Case and for Relief from Judgment (Doc. 138), filed April 29, 2014.

In 2012, Plaintiff brought this breach of contract action to enforce the terms of a guarantee agreement into which Defendants had entered in order to secure a loan for their corporation, Parker Bros., Inc. (Doc. 28.) After Plaintiff obtained a default judgment against Defendants as to their liability on the Parker Bros. note (Doc. 51), Defendants notified the Court that they had filed a joint petition for a Chapter 11 reorganization (Doc. 128). The Court accordingly stayed this action pursuant to 11 U.S.C. § 362. (*See*

Doc. 129.)[1]

Defendants now move to reopen the case and set aside the default judgment. (Doc. 136.) In their motion, Defendants acknowledge that their Chapter 11 proceedings have not yet been resolved. (*Id.* at 25.) Nevertheless, they bring their Rule 60 motion without any indication that the bankruptcy court has granted them relief from the automatic stay or that the stay has lapsed.[2] (*See id.*)

Defendants' motion is therefore due to be denied without prejudice. Having previously confirmed that the automatic stay applies to this case, the Court cannot now set aside its prior rulings, as any substantive determinations made while the stay is in place would be "void and without effect." *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982). Defendants will be permitted to refile their motion after their bankruptcy proceedings have concluded or after they have otherwise secured from the bankruptcy court relief from the automatic stay.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Reopen Case and for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1), (b)(3), and/or (b)(6) (Doc. 136) is **DENIED WITHOUT PREJUDICE**.

2. Motion to Extend Time to Respond to Defendants' Motion to Reopen Case

---

[1] Although an automatic stay under 11 U.S.C. § 362(a) is self-executing and takes effect upon the filing of a bankruptcy petition, *see In re Green*, 310 B.R. 772, 778 (Bankr. M.D. Fla. 2004), district courts retain jurisdiction to determine whether the stay applies to litigation pending before them. *See Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986).

[2] The power to grant relief from the automatic stay lies exclusively with the bankruptcy court. *See Johnson v. K Mart Corp.*, 281 F.3d 1368, 1368 (11th Cir. 2002); *Ellison v. Nw. Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983); *see also* Fed. R. Bankr. P. 4001(a)(1).

and for Relief from Judgment (Doc. 137) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 5, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record